153 So. 11

## FIRST NAT. BANK OF RUSTON v. BUNCH et al.

### No. 32479.

Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

Tobin R. Hodge, of Rayville, and Sholars & Gunby, of Monroe, for appellant.

M. C. Redmond and Dhu Thompson, both of Monroe, and W. D. Cotton, of Rayville, for appellee.

ODOM, Justice.

Plaintiff sued defendants, who were husband and wife at the time this cause of action arose, for a sum exceeding $7,000, represented by certain promissory notes. There was judgment by default against them in solido for the amount sued for. Felix Bunch, the husband, did not appeal. Louise Bunch, the wife (now Sims), appealed devolutively and asks that the judgment be amended as to her by reducing the amount thereof to the extent of $2,000 plus interest. Her contention is that she was not bound with her husband to pay one of the notes sued on; the note being for $2,000, dated March 2, 1929, and secured by first mortgage on certain real estate in Delhi, La.

It is not denied that plaintiff was, at the time the suit was filed, the holder and owner of the note, nor that Felix Bunch, the husband, owed the amount thereof to the bank. But Mrs. Bunch (now Sims) claims that she was in no way bound on this note. As to the other notes sued on, it is conceded that the judgment is correct.

The pertinent facts are that on August 22, 1931, Felix Bunch, then the husband of the appellee, purchased from the Thompson Chevrolet Company, Inc., of Delhi, La., certain real estate described as lots 13 and 14 of block 429 of that town, together with a garage and its contents and accessories; the consideration being $8,500. The purchaser paid no cash, but assumed the payment of certain outstanding accounts due by the vendee and in addition thereto made and executed fourteen promissory notes, each for the sum of $500, secured by vendor's lien and special mortgage on the property sold. The appellee, the then Mrs. Bunch, made herself a party to this contract of sale and mortgage, which recited:

"And it is distinctly understood that the aforesaid notes and this contract of purchase

are to be signed and endorsed by Louise S. Bunch and in addition to her signing the endorsing, the vendor's lien and mortgage is retained by and granted to the vendor," etc.

In another paragraph of the deed and mortgage, there appears this clause:

"And also appeared Louise S. Bunch, who signs hereto guaranteeing the fulfillment of this contract by the vendee, and the payment of the consideration herein."

The notes described were all indorsed by Mrs. Bunch; six of them were held by the plaintiff and were part of those which were the basis of this suit. Mrs. Bunch does not contest her liability on them.

At the time and place that this contract of sale and mortgage was entered into between the Thompson Chevrolet Company, Inc., and Felix Bunch, another was entered into between C. C. Thompson, individually, and the said Felix Bunch, by which Thompson sold to Bunch certain real estate in Delhi for the recited consideration of $10,000, to be paid as follows:

"The vendee herein assumes and agrees to pay three certain vendor's lien and special mortgage notes made and signed by this vendor to J. H. Lusk, each for the sum of one thousand dollars bearing 6% per annum interest from date until paid and falling due in October, 1930, 1931, 1932, respectively, *and also assumes and agrees to pay one certain special mortgage note for two thousand dollars, made, executed and signed by the vendor and held by the First National Bank of Ruston, Louisiana, dated the 2nd day of March, A. D. 1929.*" (Italics ours. This last note is the one in controversy.)

The vendee also executed and signed two notes each for $2,000, and one note for $342; these being secured by vendor's lien and special . mortgage on the property sold. Two of these last-mentioned notes, one for $2,000 and the one for $342, as well as the $2,000 note described as "made, executed and signed by the vendor and held by the First National Bank of Ruston, Louisiana, dated the 2nd of March, 1929," were held by the plaintiff bank, and were among those on which the bank brought this suit.

As security for the notes signed by the vendee, Felix Bunch, he granted a vendor's lien on the property purchased, and the act of sale and mortgage further recites:

"And in addition thereto, in order to secure the faithful performance of the obligations of the vendee herein, Louise S. Bunch hereby joins him herein and endorses the notes executed of even date herewith."

Mrs. Bunch signed this act of sale and mortgage with her husband; the act reciting, "at the same time, also appeared the vendee, who accepts this act and who is joined herein as herein above provided by Louise S. Bunch."

Mrs. Bunch indorsed each of the notes which were signed and executed by her husband as part of the consideration of the sale, and does not now deny her liability on them.

But she denies liability on the $2,000 note dated the 2d of March, 1929, which her husband, the vendee, assumed and agreed to pay as part of the consideration of the sale. Her contention is that she joined her husband in . the transaction only for the purpose of indorsing the notes which he signed on that

occasion, and her counsel argue that such intent manifestly appears from the wording of the instrument which she signed. We repeat the clause relating to her obligation, which clause immediately follows the one whereby the vendor retains the vendor's lien and special mortgage on the property sold for the payment of the notes that day executed by the vendee:

"And in addition thereto, in order to secure the faithful performance of the obligations of the vendee herein, Louise S. Bunch joins him herein and endorses the notes executed of even date herewith."

Counsel lay stress on that part of the above clause reading "and endorses the notes executed of even date herewith." They construe this to mean that she joined her husband only for the purpose of indorsing the notes.

One answer to this argument is that, if it had been the intent and purpose of the parties that Mrs. Bunch bind herself for the payment of only those notes which her husband that day signed, there would have been no need of her making herself a party to the contract of sale and mortgage. Her mere indorsement of the notes at any time would have been sufficient to bind her.

But, aside from that, the act recites that she joined therein "in order to secure the

faithful performance of the obligations of the vendee herein." One of the obligations of the vendee was to pay this $2,000 note. He "assumed and agreed to pay" it. By joining the vendee in the act of sale and mortgage, Mrs. Bunch, by the very terms of the act, made herself liable for all, not part, of the obligations undertaken by her husband in connection with the transaction, one of which was to pay this $2,000 note.

As already stated, she does not dispute her liability on the other notes held by the bank, and, since we hold that she was bound on this one also, it follows that she was bound for the total amount sued for.

Counsel call our attention to article 3039 of the Civil Code, and to many decisions to the effect that the obligation of a surety must be strictly construed and favorably to him. We have not overlooked that well-recognized rule. But this contract cannot reasonably be construed to mean that it was intended that Mrs. Bunch should be bound only for the notes which she indorsed. She was bound for the payment of them, of course. She was bound also for all the obligations undertaken by the vendee.

The judgment is affirmed.

O'NIELL, C. J., absent.